UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAEGAN BROOKE COPELAND,**<br>1101 Shoal Creek Blvd. #5,<br>Austin, TX 78701,<br><br>**AUSTIN LAYNE COPELAND,**<br>707 Baylor Street #1/2,<br>Austin, TX 78703,<br><br>**JERRI FAYE EAVES,**<br>6313 Essex Lane,<br>Plano, TX 75024,<br><br>**ESTATE OF NICOLAS VITTORIO LESLIE,**<br>By Conrado Ignacio Leslie, as Representative,<br>46-060 Konane Place, Apt. 3616,<br>Kaneohe, HI 96744,<br><br>**CONRADO IGNACIO LESLIE,**<br>46-060 Konane Place, Apt. 3616,<br>Kaneohe, HI 96744,<br><br>**PAOLA ANNA MARIA LESLIE,**<br>46-060 Konane Place, Apt. 3616,<br>Kaneohe, HI 96744,<br><br>          Plaintiffs,<br>     v.<br><br>**SYRIAN ARAB REPUBLIC,**<br>Damascus, SYRIA<br><br>          Defendant. | Civil Action No.: 1:21-cv-03381 |

## COMPLAINT

1.  During the Bastille Day celebration on July 14, 2016, in Nice, France, a terrorist drove a large truck down a crowded street for nearly a mile, intentionally plowing into numerous pedestrians. The driver then got out of the truck and shot at police officers until he was shot and

1

killed by the police.  As a result of the horrific attack, 86 people were killed and numerous others were injured.

2.     Plaintiffs Maegan Brooke Copeland, Austin Layne Copeland, Jerri Faye Eaves, the Estate of Nicolas Vittorio Leslie, Conrado Ignacio Leslie, and Paola Anna Maria Leslie (collectively, the "Plaintiffs") were killed or injured as a result of the July 14, 2016 terrorist attack in Nice, France (the "Nice Attack") or are immediate family members of individuals who were killed or injured as a result of the Nice Attack.  Plaintiffs, by and through undersigned counsel, bring this action against Defendant Syrian Arab Republic ("Defendant" or "Syria") seeking money damages for their personal injury and/or wrongful death claims arising out of the Nice Attack, an act of extrajudicial killing for which the Defendant provided material support and/or resources.  In support of their claims, Plaintiffs allege the following:

I.

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction over the subject matter of this case under 28 U.S.C. § 1330(a).  Defendant is subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*, and in particular 28 U.S.C. § 1605A (the "Terrorism Exception"), and related statutes.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(f)(4).

II.

**THE PARTIES**

**PLAINTIFFS**

5.     Maegan Brooke Copeland was present during the Nice Attack and was an injured victim in the attack.  Maegan Brooke Copeland is the daughter of Sean Copeland and sister of

Brodie Copeland and Austin Layne Copeland, each of whom also was present during the Nice Attack. Sean Copeland and Brodie Copeland were killed as a result of the Nice Attack, and Austin Layne Copeland was injured as a result of the attack. Maegan Brooke Copeland is, and at all pertinent times was, a United States citizen, and is currently domiciled in Austin, Texas. Maegan Brooke Copeland was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) and Section 3 of the Torture Victim Protection Act of 1991, 28 U.S.C. § 1350 ("TVPA"), in connection with the Nice Attack. Maegan Brooke Copeland brings claims for personal injury, pain and suffering, intentional infliction of emotional distress, loss of solatium, and punitive damages resulting from the acts alleged herein.

6. Austin Layne Copeland was present during the Nice Attack and was an injured victim in the attack. Austin Layne Copeland is the son of Sean Copeland and brother of Brodie Copeland and Maegan Brooke Copeland, each of whom also was present during the Nice Attack. Sean Copeland and Brodie Copeland were killed as a result of the Nice Attack, and Maegan Brooke Copeland was injured as a result of the attack. Austin Layne Copeland is, and at all pertinent times was, a United States citizen, and is currently domiciled in Austin, Texas. Austin Layne Copeland was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) and Section 3 of the TVPA, in connection with the Nice Attack. Austin Layne Copeland brings claims for personal injury, pain and suffering, intentional infliction of emotional distress, loss of solatium, and punitive damages resulting from the acts alleged herein.

7. Jerri Faye Eaves is the mother of Maegan Brooke Copeland and Austin Layne Copeland. Maegan Brooke Copeland and Austin Layne Copeland were present during the Nice Attack and were injured as a result of the attack. Jerri Faye Eaves is, and at all pertinent times was, a United States citizen, and is currently domiciled in Plano, Texas. Jerri Faye Eaves was

3

injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) and Section 3 of the TVPA, in connection with the Nice Attack which caused injuries to her immediate family members. Jerri Faye Eaves brings claims for personal injury, pain and suffering, intentional infliction of emotional distress, loss of solatium, and punitive damages resulting from the acts alleged herein.

8. Nicolas Vittorio Leslie was killed in the Nice Attack. At the time of his death, Nicolas Vittorio Leslie was a United States citizen domiciled in Del Mar, California. Nicolas Vittorio Leslie was killed by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) and Section 3 of the TVPA, in connection with the Nice Attack. For purposes of this lawsuit, the Estate of Nicolas Vittorio Leslie is represented by Nicolas's father, Conrado Ignacio Leslie, as Legal Representative. The Estate of Nicolas Vittorio Leslie, through Conrado Ignacio Leslie as Legal Representative, brings claims for wrongful death, economic damages, and punitive damages resulting from the acts alleged herein.

9. Conrado Ignacio Leslie is the father of Nicolas Vittorio Leslie, who was killed as a result of the Nice Attack. Conrado Ignacio Leslie was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) and Section 3 of the TVPA, in connection with the Nice Attack which killed his immediate family member. Conrado Ignacio Leslie is, and at all pertinent times was, a United States citizen, and is currently domiciled in Kaneohe, Hawaii. Conrado Ignacio Leslie brings claims for personal injury, pain and suffering, intentional infliction of emotional distress, loss of solatium, and punitive damages resulting from the acts alleged herein, and, as the father of Nicolas Vittorio Leslie, brings claims for wrongful death, economic damages, and punitive damages resulting from the acts alleged herein.

10. Paola Anna Maria Leslie is the mother of Nicolas Vittorio Leslie, who was killed as a result of the Nice Attack. Paola Anna Maria Leslie was injured by an act of "extrajudicial killing," as defined in 28 U.S.C. § 1605A(h)(7) and Section 3 of the TVPA, in connection with the Nice Attack which killed her immediate family member. Paola Anna Maria Leslie is, and at all pertinent times was, a United States citizen, and is currently domiciled in Kaneohe, Hawaii. Paola Anna Maria Leslie brings claims for personal injury, pain and suffering, intentional infliction of emotional distress, loss of solatium, and punitive damages resulting from the acts alleged herein.

**DEFENDANT**

11. Defendant Syrian Arab Republic is a foreign sovereign state.

12. Syria is not immune from the jurisdiction of this Court because Plaintiffs are seeking money damages "for personal injury or death that was caused by an act of . . . extrajudicial killing . . . or the provision of material support or resources for such an act," as provided by 28 U.S.C. § 1605A(a).

13. Syria is now and has been designated as a state sponsor of terrorism since December 29, 1979, pursuant to Section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405(j)), and section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371). Syria was therefore "designated as a state sponsor of terrorism at the time" of the 2016 act of extrajudicial killing on which Plaintiffs' claims are based, and "remains so designated" at the time of the filing of those claims, as required in 28 U.S.C. § 1605A(a)(2).

14. The Honorable Judge Richard J. Leon of this district already has held Syria liable for the Nice Attack based on its role in causing the attack, and the resulting deaths and injuries, by providing material support and resources to the Islamic State of Iraq and al-Sham ("ISIS"),

the organization which carried out the Nice Attack. *See Fields et al. v. Syrian Arab Republic*, No. 18-cv-01437, Mem. Op. 17-20, ECF No. 20 (D.D.C. Sept. 29, 2021).

## III.

## FACTUAL ALLEGATIONS

**The July 14, 2016 Cargo Truck Attack in Nice, France**

15.     In July 2016, Plaintiffs Maegan Brooke Copeland and Austin Layne Copeland, along with their brother Brodie Copeland, their father Sean Copeland, and their step-mother Kim Copeland, were enjoying a family vacation in Europe. Sean Copeland, who was then 51 years old, was a loving and devoted father who prided himself on being a "dance dad," a "football dad," and a "baseball dad." Brodie Copeland, who was then 11 years old, was a smart and fun-loving child who loved baseball and acting. Bringing his family to Europe for a "dream vacation" had been a long-time goal for Sean Copeland, and the trip had been planned so that the family could celebrate the July birthdays of Austin Layne Copeland and Kim Copeland during the trip. On the evening of July 14, 2016, the Copeland family was enjoying the Bastille Day fireworks from the Promenade des Anglais, a boulevard and walkway along the Mediterranean coast.

16.     In the summer of 2016, Nicolas Vittorio Leslie was in Nice, France, for a summer entrepreneurship program through the University of California, Berkeley, where he was working on a product that helped to measure the lactic acid in athletes' muscles. At that time, Nicolas was a 20-year-old junior at the UC Berkeley. Nicolas was a bright student who was on track to complete a double major. He had been accepted into UC Berkeley's prestigious Haas School of Business, and, in addition to the business degree, was completing the requirements for a degree in environmental science. He loved kite surfing with his father, Conrado Ignacio Leslie, and was

determined to make a future for himself in business. On the evening of July 14, 2016, Nicolas Vittorio Leslie was celebrating Bastille Day with some of his classmates along the Promenade des Anglais.

17. Plaintiffs Maegan Brooke Copeland and Austin Layne Copeland and Nicolas Vittorio Leslie were therefore present during the Nice Attack on the evening of July 14, 2016, which began just after the end of the Bastille Day fireworks when ISIS operative Mohamed Lahouaiej-Bouhlel drove a truck into the crowded Promenade des Anglais.

18. Syria previously has been held liable for the Nice Attack. *See Fields*, Mem. Op. at 17-20. Judge Leon's determination of liability in that case was based on his review of the expert report of Dr. Daveed Gartenstein-Ross, which analyzed evidence including the public statements by ISIS claiming responsibility for the Nice Attack, and described the findings of a French investigation into the Nice Attack. *Id.* at 4-5. Judge Leon also relied on the decisions of numerous courts in this district holding that Syria provided material support for ISIS and its predecessor organizations. *See id.* at 7 (citing *Sotloff v. Syrian Arab Republic*, No. 18-cv-1625, 2021 WL 965882, at *1 (D.D.C. Mar. 15, 2021) (Kelly, J.); *Foley v. Syrian Arab Republic*, 249 F. Supp. 3d 186, 192-95 (D.D.C. 2017) (Kollar-Kotelly, J.); *Thuneibat v. Syrian Arab Republic*, 167 F. Supp. 3d 22, 36-37 (D.D.C. 2016) (Howell, J.); *Gates v. Syrian Arab Republic*, 580 F. Supp. 2d 53, 67-69 (D.D.C. 2008) (Collyer, J.)). Judge Leon made the following findings of fact with regard to Syria's responsibility for the Nice Attack:

- Lahouaiej-Bouhlel drove the truck nearly a mile down the Promenade des Anglais, "plowing into pedestrians on the crowded street." *Fields*, Mem. Op. at 4.

- Lahouaiej-Bouhlel then "got out of the truck and began shooting at police officers before the police shot and killed him. *Id.*

- 86 people were killed as a result of the attack. *Id.*

- "Two days after the attack," in ISIS-run media outlets (the 'Amaq News Agency and radio station al-Bayan), "ISIS claimed responsibility for the Nice Attack." *Id.* at 4-5.

- A French investigation showed that Lahouaiej-Bouhlel consumed ISIS propaganda and an ISIS recruiter named Rachid Kassim helped Lahouaiej-Bouhlel plan the attack virtually. *Id.* at 5.

- "Syria's relationship with ISIS is longstanding. ISIS is the most recent iteration of the Zarqawi organization." *Id.* at 7. The Zarqawi organization was a militant group founded in the early 1990s and which has at various times operated as and/or been affiliated with Al Qaeda in Iraq ("AQI"), the Islamic State of Iraq ("ISI"), and finally ISIS. *Id.* at 7-9. Syria's support included "actively recruiting, training, funding, and sheltering militants in Syria," *id.* at 8, 17, unconditionally releasing militants from prison, *id.* at 8-9, "allowing safe passage of jihadists from Syria into Iraq," *id.* at 17-18, providing financial support by purchasing stolen oil from ISIS, *id.* at 9, 18, permitting ISIS to use Syria's financial network, *id.* at 9, 18, and engaging in military cooperation with ISIS, *id.* at 9-10, 18.

19. Accordingly, Judge Leon held that ISIS committed an act of extrajudicial killing because "ISIS operatives were directly involved in planning, coordinating, and executing the [Nice Attack], *id.* at 16, which was a deliberate act of killing not authorized by a previous judgment pronounced by a regularly constituted court, *id.*, and further held that "Syria's material support of ISIS caused the extrajudicial killing[]," because "Syria's material support of ISIS was a 'substantial factor in the sequence of events'" and the Nice Attack "was 'reasonably

foreseeable or anticipated as a natur[al] consequence'" of Syria's support, *id.* at 18 (citing *Owens v. Republic of Sudan*, 864 F.3d 751, 794 (D.C. Cir. 2017)).

20. Among those killed in the Nice Attack were Sean Copeland, Brodie Copeland, and Nicolas Vittorio Leslie. Maegan Brooke Copeland and Austin Layne Copeland survived the attack because Sean heroically warned his family as Lahouaiej-Bouhlel's truck careened towards them.

21. Maegan Brooke Copeland and Austin Layne Copeland suffered and will continue to suffer severe emotional and psychological harm as a result of the terrorist attack that injured them and killed their father and younger brother.

22. Jerri Faye Eaves suffered and will continue to suffer severe emotional and psychological harm as a result of the terrorist attack that injured her son, Austin Layne Copeland, and daughter, Maegan Brooke Copeland.

23. The Estate of Nicolas Vittorio Leslie and the heirs of Nicolas Vittorio Leslie suffered economic losses as a result of Nicolas being fatally injured in the Nice Attack.

24. Conrado Ignacio Leslie and Paola Anna Maria Leslie suffered and will continue to suffer severe emotional and psychological harm as a result of the terrorist attack that killed their son.

## COUNT I

### 28 U.S.C. § 1605A(c), PRIVATE RIGHT OF ACTION

25. The foregoing paragraphs are incorporated herein as if fully set forth herein.

26. On July 14, 2016, Syria and/or its agents, through the provision of material support and/or resources to the perpetrators of the Nice Attack as described herein, willfully,

violently, and forcefully caused the terrorist attack against innocent civilians, including Plaintiffs, in Nice, France.

27. Syria and/or its agents were acting within the scope of their office, employment or agency in committing the acts alleged herein, including planning and carrying out the Nice Attack.

28. The Syrian Arab Republic was and is a state sponsor of terrorism as described in 28 U.S.C. § 1605A(a)(2)(A)(i).

29. Pursuant to 28 U.S.C. § 1605A(c), Plaintiffs, each of whom is a U.S. national or the estate of a deceased U.S. national, may assert a cause of action against Syria for personal injury or death that was caused by an act of extrajudicial killing or the provision of material support or resources for such an act.

30. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Maegan Brooke Copeland suffered personal injuries, including physical harm, mental anguish, and emotional pain and suffering, in connection with her presence at the Nice Attack. Plaintiff Maegan Brooke Copeland brings claims under 28 U.S.C. § 1605A(c) for those personal injuries and seeks compensatory damages, including pain and suffering and loss of solatium.

31. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Maegan Brooke Copeland suffered personal injuries, including mental anguish and emotional pain and suffering, in connection with the injuries to her brother Austin Layne Copeland as a result of the Nice Attack. Plaintiff Maegan Brooke Copeland brings claims under 28 U.S.C. § 1605A(c) for

those personal injuries and seeks compensatory damages, including pain and suffering and loss of solatium.

32. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Maegan Brooke Copeland suffered personal injuries, including mental anguish and emotional pain and suffering, in connection with the death of her brother Brodie Copeland as a result of the Nice Attack.  Plaintiff Maegan Brooke Copeland brings claims under 28 U.S.C. § 1605A(c) for those personal injuries and seeks compensatory damages, including pain and suffering and loss of solatium.

33. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Maegan Brooke Copeland suffered personal injuries, including mental anguish and emotional pain and suffering, in connection with the death of her father Sean Copeland as a result of the Nice Attack.  Plaintiff Maegan Brooke Copeland brings claims under 28 U.S.C. § 1605A(c) for those personal injuries and seeks compensatory damages, including pain and suffering and loss of solatium.

34. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Austin Layne Copeland suffered personal injuries, including physical harm, mental anguish, and emotional pain and suffering, in connection with his presence at the Nice Attack.  Plaintiff Austin Layne Copeland brings claims under 28 U.S.C. § 1605A(c) for those personal injuries and seeks compensatory damages, including pain and suffering and loss of solatium.

35. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Austin Layne Copeland suffered personal injuries, including mental anguish and emotional pain and suffering, in connection with the injuries to his sister Maegan Brooke Copeland as a result of the Nice Attack.  Plaintiff Austin Layne Copeland brings claims under 28 U.S.C. § 1605A(c) for those personal injuries and seeks compensatory damages, including pain and suffering and loss of solatium.

36. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Austin Layne Copeland suffered personal injuries, including mental anguish and emotional pain and suffering, in connection with the death of his brother Brodie Copeland as a result of the Nice Attack.  Plaintiff Austin Layne Copeland brings claims under 28 U.S.C. § 1605A(c) for those personal injuries and seeks compensatory damages, including pain and suffering and loss of solatium.

37. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Austin Layne Copeland suffered personal injuries, including mental anguish and emotional pain and suffering, in connection with the death of his father Sean Copeland as a result of the Nice Attack. Plaintiff Austin Layne Copeland brings claims under 28 U.S.C. § 1605A(c) for those personal injuries and seeks compensatory damages, including pain and suffering and loss of solatium.

38. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Jerri Faye Eaves suffered personal injuries, including mental anguish and emotional pain and

suffering, in connection with the injuries to her daughter Maegan Brooke Copeland as a result of the Nice Attack.  Plaintiff Jerri Faye Eaves brings claims under 28 U.S.C. § 1605A(c) for those personal injuries and seeks compensatory damages, including pain and suffering and loss of solatium.

39. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Jerri Faye Eaves suffered personal injuries, including mental anguish and emotional pain and suffering, in connection with the injuries to her son Austin Layne Copeland as a result of the Nice Attack.  Plaintiff Jerri Faye Eaves brings claims under 28 U.S.C. § 1605A(c) for those personal injuries and seeks compensatory damages, including pain and suffering and loss of solatium.

40. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Nicolas Vittorio Leslie was wrongfully killed.  The Estate of Nicolas Vittorio Leslie, through Conrado Ignacio Leslie as Legal Representative, brings claims under 28 U.S.C. § 1605A(c) for that wrongful death and seeks compensatory damages, including economic damages.

41. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Conrado Ignacio Leslie suffered personal injuries, including mental anguish and emotional pain and suffering, in connection with the wrongful death of his son Nicolas Vittorio Leslie as a result of the Nice Attack.  Plaintiff Conrado Ignacio Leslie brings claims under 28 U.S.C. § 1605A(c) for those personal injuries and seeks compensatory damages, including pain and suffering and loss of solatium.

42. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Paola Anna Maria Leslie suffered personal injuries, including mental anguish and emotional pain and suffering, in connection with the wrongful death of her son Nicolas Vittorio Leslie as a result of the Nice Attack. Plaintiff Paola Anna Maria Leslie brings claims under 28 U.S.C. § 1605A(c) for those personal injuries and seeks compensatory damages, including pain and suffering and loss of solatium.

WHEREFORE, all Plaintiffs demand that judgment be entered against Defendant the Syrian Arab Republic, consistent with prior determinations of awards and judgments on behalf of similarly situated plaintiffs for their compensatory damages, in the amount of no less than ONE HUNDRED AND FIFTY MILLION DOLLARS ($150,000,000.00).

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. The foregoing paragraphs are incorporated herein as if fully set forth herein.

44. On July 14, 2016, Syria and/or its agents, through the provision of material support and/or resources to the perpetrators of the Nice Attack as described herein, willfully, violently, and forcefully caused the terrorist attack against innocent civilians, including Plaintiffs, in Nice, France.

45. The Nice Attack, and the provision of material support and/or resources to others to carry out the Nice Attack, constituted extreme and outrageous conduct on the part of Syria and/or its agents, and was intended to cause and did cause physical and emotional harm and distress to the injured and killed victims and their immediate family members.

46. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Maegan Brooke Copeland suffered severe emotional distress in connection with her presence at the Nice Attack. Plaintiff Maegan Brooke Copeland brings claims for intentional infliction of emotional distress and seeks compensatory damages.

47. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Maegan Brooke Copeland suffered severe emotional distress in connection with the injuries to her brother Austin Layne Copeland as a result of the Nice Attack. Plaintiff Maegan Brooke Copeland brings claims for intentional infliction of emotional distress and seeks compensatory damages.

48. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Maegan Brooke Copeland suffered severe emotional distress in connection with the death of her brother Brodie Copeland as a result of the Nice Attack. Plaintiff Maegan Brooke Copeland brings claims for intentional infliction of emotional distress and seeks compensatory damages.

49. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Maegan Brooke Copeland suffered severe emotional distress in connection with the death of her father Sean Copeland as a result of the Nice Attack. Plaintiff Maegan Brooke Copeland brings claims for intentional infliction of emotional distress and seeks compensatory damages.

50. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Austin Layne Copeland suffered severe emotional distress in connection with his presence at the Nice

Attack.  Plaintiff Austin Layne Copeland brings claims for intentional infliction of emotional distress and seeks compensatory damages.

51. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Austin Layne Copeland suffered severe emotional distress in connection with the injuries to his sister Maegan Brooke Copeland as a result of the Nice Attack.  Plaintiff Austin Layne Copeland brings claims for intentional infliction of emotional distress and seeks compensatory damages.

52. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Austin Layne Copeland suffered severe emotional distress in connection with the death of his brother Brodie Copeland as a result of the Nice Attack.  Plaintiff Austin Layne Copeland brings claims for intentional infliction of emotional distress and seeks compensatory damages.

53. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Austin Layne Copeland suffered severe emotional distress in connection with the death of his father Sean Copeland as a result of the Nice Attack.  Plaintiff Austin Layne Copeland brings claims for intentional infliction of emotional distress and seeks compensatory damages.

54. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Jerri Faye Eaves suffered severe emotional distress in connection with the injuries to her daughter Maegan Brooke Copeland as a result of the Nice Attack.  Plaintiff Jerri Faye Eaves brings claims for intentional infliction of emotional distress and seeks compensatory damages.

55. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Jerri Faye Eaves suffered severe emotional distress in connection with the injuries to her son Austin Layne Copeland as a result of the Nice Attack. Plaintiff Jerri Faye Eaves brings claims for intentional infliction of emotional distress and seeks compensatory damages.

56. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Conrado Ignacio Leslie suffered severe emotional distress in connection with the wrongful death of his son Nicolas Vittorio Leslie as a result of the Nice Attack. Plaintiff Conrado Ignacio Leslie brings claims for intentional infliction of emotional distress and seeks compensatory damages.

57. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Syria and/or its agents in providing material support for the Nice Attack, Plaintiff Paola Anna Maria Leslie suffered severe emotional distress in connection with the wrongful death of her son Nicolas Vittorio Leslie as a result of the Nice Attack. Plaintiff Paola Anna Maria Leslie brings claims for intentional infliction of emotional distress and seeks compensatory damages.

WHEREFORE, Plaintiffs Maegan Brooke Copeland, Austin Layne Copeland, Jerri Faye Eaves, Conrado Ignacio Leslie, and Paola Anna Maria Leslie demand that judgment be entered against the Defendant the Syrian Arab Republic, consistent with prior determinations of awards and judgments on behalf of similarly situated plaintiffs for their compensatory damages, in the amount of no less than ONE HUNDRED MILLION DOLLARS ($100,000,000.00).

## COUNT III

## WRONGFUL DEATH

58. The foregoing paragraphs are incorporated herein as if fully set forth herein.

59. On July 14, 2016, Syria and/or its agents, through the provision of material support or resources to the perpetrators of the Nice Attack as described herein, willfully, violently, and forcefully caused the terrorist attack against innocent civilians, including Plaintiffs, in Nice, France.

60. As a direct and proximate result of the willful, wrongful, intentional and reckless act of Syria and/or its agents, Nicolas Vittorio Leslie suffered fatal injury and died.

61. Nicolas Vittorio Leslie died intestate and without any surviving spouse, domestic partner, children, or issue.

62. Conrado Ignacio Leslie, as the father of Nicolas Vittorio Leslie, brings claims for the wrongful death of Nicolas Vittorio Leslie and seeks compensatory damages, including economic and non-economic damages.

WHEREFORE, Plaintiff Conrado Ignacio Leslie demands judgment be entered against Defendant the Syrian Arab Republic, consistent with prior determinations of awards and judgments on behalf of similarly situated plaintiffs for their compensatory damages, in the amount of no less than FIFTY MILLION DOLLARS ($50,000,000.00).

## COUNT IV

## PUNITIVE DAMAGES

63. The foregoing paragraphs are incorporated herein as if fully set forth herein.

64. On July 14, 2016, Syria and/or its agents, through the provision of material support or resources to the perpetrators of the Nice Attack as described herein, willfully, violently, and forcefully caused the terrorist attack against innocent civilians, including Plaintiffs, in Nice, France.

65. Pursuant to 28 U.S.C. § 1605A(c), Plaintiffs, each of whom is a U.S. national or the estate of a deceased U.S. national, are entitled to punitive damages from Syria for the acts alleged herein.

WHEREFORE, all Plaintiffs demand that judgment be entered against Defendant the Syrian Arab Republic, consistent with prior determinations of awards and judgments on behalf of similarly situated plaintiffs for their punitive damages, in the amount of no less than ONE BILLION DOLLARS ($1,000,000,000.00).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court

A. Grant Plaintiffs judgment in favor against Defendant on Counts I through IV; and

B. Award Plaintiffs:

1. Compensatory damages against Defendant the Syrian Arab Republic in the amount of no less than THREE HUNDRED MILLION DOLLARS ($300,000,000.00);

2. Punitive damages against Defendant the Syrian Arab Republic in the amount of no less than ONE BILLION DOLLARS ($1,000,000,000.00);

3. Pre-judgment interest;

4. Reasonable costs and expenses;

5. Reasonable attorneys' fees; and

6. Such other and further relief which the Court may determine to be just and equitable under the circumstances.

Dated:  December 29, 2021

Respectfully submitted,

/s/ Aryeh S. Portnoy
Aryeh S. Portnoy, D.C. Bar No. 464507
John L. Murino, D.C. Bar No. 484818
Emily M. Alban, D.C. Bar No. 977035

CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 624-2500

*Attorneys for Plaintiffs*